UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRANSPORTATION INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:23-CV-348-JTM-JEM |
| NORTHERN INDIANA PUBLIC SERVICE COMPANY LLC and CHARLES J. HOPP, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). On October 12, 2023, Plaintiff filed its Complaint against Defendants alleging that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332(a).

Diversity jurisdiction exists when the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Plaintiff, as "the party seeking to invoke federal diversity jurisdiction . . . bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Defendant Northern Indiana Public Service Company LLC is identified as a limited liability company, which takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited

1

liability company are themselves limited liability companies, the citizenship of those members must also be pled. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Plaintiff alleges: "NIPSCO is a corporation organized and existing under the laws of Indiana with its principal place of business in Indiana. It is therefore a citizen of Indiana." ¶ 3. Plaintiff makes no representations as to the membership of the limited liability company or the citizenship of those members. Accordingly, Plaintiffs must properly identify the members of Northern Indiana Public Services Company LLC and the citizenship of all its members.

Furthermore, as to the individual defendant, Plaintiff alleges that "Charles J. Hopp ("Hopp") is a resident of Lake County, Indiana and is therefore a citizen of Indiana." ¶ 4. Plaintiff is reminded that citizenship of an individual is determined by their domicile, not residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Accordingly, Plaintiff must properly plead the domicile of Defendant Hopp.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **November 17, 2023**, a supplemental jurisdictional statement demonstrating the citizenships of Defendant Hopp, by

identifying his domicile, and of Northern Indiana Public Services Company LLC, by identifying all of the members of the LLC and their citizenship, and if any of those members are also limited liability companies, then Plaintiff must allege the citizenship of their members as well.

SO ORDERED this 3rd day of November, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record